1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA NUNEZ RIVERA, | )  1:11-cv-82 LJO GSA |
| | ) |
| | ) |
| Plaintiff, | )  ORDER GRANTING IN FORMA PAUPERIS<br>)  APPLICATION (Doc. 3) |
| | ) |
| v. | )  ORDER DISMISSING COMPLAINT<br>)  WITHOUT LEAVE TO AMEND (Doc. 1) |
| MARIA TERESA PEREZ, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**I.     Introduction**

Plaintiff, Maria Nunez Rivera ("Plaintiff") filed the instant action on January 19, 2011.

(Doc. 1).  Plaintiff also filed an application to proceed in forma pauperis on that same date. (Doc.

3).  Having reviewed the request, this court GRANTS Plaintiff's in forma pauperis application.

Plaintiff appears to be reporting an incident related to allegations of mail theft.  The

Complaint will be dismissed because this Court lacks jurisdiction to hear Plaintiff's claim and

any amendment would be futile.

**II.     Discussion**

A.     Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the

complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof

1

if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.    Plaintiff's Allegations

Plaintiff's complaint consisting of one page alleges that Defendant, Maria Teresa Perez ("Defendant"), improperly filed a mail forwarding change of address request with the United States Postal Service in which Defendant forwarded all of Plaintiff's family mail to Defendant's address. Attached to the complaint are exhibits filed in support of Plaintiff's case. Upon a

1  review of the complaint and the exhibits, the Court has determined that Plaintiff's complaint fails

2  to state a claim based on a lack of subject matter jurisdiction.

3  C.      Analysis of Plaintiff's Claims

4        Federal courts can adjudicate only those cases in which the United States Constitution

5  and Congress authorize them to adjudicate which are essentially those involving diversity of

6  citizenship, or a federal question, or to which the United States is a party.  *Kokkonen v.*

7  *Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 490

8  U.S. 545, 109 S.Ct. 2003, 2008 (1989).  Federal courts are presumptively without jurisdiction

9  over civil actions, and the burden to establish the contrary rests upon the party asserting

10  jurisdiction.  *Kokkonen*, 511 U.S. at 377; 114 S.Ct. at 1677.  Lack of subject matter jurisdiction is

11  never waived and may be raised by the court sua sponte.  *Attorneys Trust v. Videotape Computer*

12  *Products, Inc.*, 93 F.3d 593, 594-595 (9th Cir. 1996).  "Nothing is to be more jealously guarded

13  by a court than its jurisdiction.  Jurisdiction is what its power rests upon.  Without jurisdiction it

14  is nothing."  *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

15        Furthermore, "[a] trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6).

16  . . . Such dismissal may be made without notice where the claimant cannot possibly win relief."

17  *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see* *Wong v. Bell*, 642 F.2d

18  359, 361-362 (9th Cir. 1981).  Sua sponte dismissal may be made before process is served on

19  defendants.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. §

20  1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984)

21  (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on

22  defendants).

23        Finally, as Rule 8(a) states, a complaint must contain "a short and plain statement of the

24  claim."  The rule expresses the principle of notice-pleading, whereby the pleader need only give

25  the opposing party fair notice of a claim.  *Conley v. Gibson*, 355 U.S. at 45-46.  Rule 8(a) does

26  not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but

27  only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and

28  the grounds upon which it rests."  *Id.* at 47.  As noted above, detailed factual allegations are not

1  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (2009).

3        In this case, Plaintiff's complaint does not list any causes of action, nor does it identify

4  any relief requested.  Instead, the complaint merely makes an accusation of mail theft. Thus, the

5  requirements of Rule 8 are not satisfied.   Moreover, even if Plaintiff were permitted to amend

6  her complaint, subject matter jurisdiction cannot be established because the complaint does not

7  relate to a federal question, nor does it name the United States as a party.  Furthermore, Plaintiff

8  cannot establish diversity jurisdiction because both parties named in the action reside in

9  California.

10       It appears that Plaintiff is attempting to report a crime.  However, Plaintiff is advised that

11 this Court cannot initiate investigative proceedings; these matters are properly conducted by

12 federal law enforcement agencies, such as the United States Postal Inspector or the Federal

13 Bureau of Investigation (the "FBI").  Accordingly, Plaintiff has not established that this Court

14 has, or could have subject matter jurisdiction, even if Plaintiff were given the opportunity to

15 amend the complaint.

16 **III.    Conclusion**

17       For the above reasons, the Plaintiff's application for In Forma Pauperis is GRANTED.

18 However, Plaintiff's complaint is DISMISSED WITHOUT LEAVE TO AMEND.  The Clerk of

19 the Court is directed to close this case.

20

21

22

23

24

25 IT IS SO ORDERED.

26 **Dated:    January 21, 2011                        /s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE

27

28